IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 12-02701 (BKT) |
| BERWIND REALTY, LLC | Chapter 11 |
| Debtor(s). | |

**JOINT URGENT MOTION FOR AN AMENDED ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION**

COME NOW Berwind Realty, LLC ("Debtor") and Banco Popular de Puerto Rico ("BPPR"), each by their respective undersigned counsel, and respectfully submit this "Joint Urgent Motion for an Amended Order Confirming the Chapter 11 Plan of Reorganization" (the "Motion").

**Preliminary Statement**

BPPR and the Debtor file this Motion to request, on an urgent basis, that the Court enter an amended order as to the confirmation of the Plan (as defined below) to incorporate the transaction described herein. In essence, through the Plan, the Debtor agreed to provide certain payments to secured creditors BPPR and Oriental Bank. The Debtor has secured an exit financing that will allow for the satisfaction, in part, of such payments to BPPR and, in full to Oriental Bank, and, thus, move towards consummating the Plan. However, the credit facility through which such exit financing will be provided has been approved only through April 30, 2013 (as a result of, among other things, that the appraisals that are being used for such financing by the lending institution apparently cannot be used or relied beyond April 30, 2013). Accordingly, BPPR and the Debtor file this motion, on an urgent basis, to request that the Court amend its confirmation order, in order that the transaction described herein can close.

**Motion and Request**

1. On April 5, 2012, Debtor filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code, and as of that date has managed its affairs and operated

its business as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108 until the confirmation of its plan of reorganization (the "Plan").

2. On October 23, 2012, Debtor filed the Plan and disclosure statement. See, Docket Nos. 82 and 83. The Court approved the adequacy of Debtor's disclosure statement on December 4, 2013. See, Docket No. 101.

3. On February 22, 2013, Debtor filed the "Stipulation and Request for Emergency Determination on the Use of Rents and Adequate Protection and Terms for Treatment of Banco Popular de Puerto Rico's Claims in a Consented Plan" (the "Stipulation") (Docket No. 138). The Stipulation supplemented the Plan with the treatment provided to BPPR therein.

4. On March 1, 2013, the Court approved the Stipulation. See, Docket No. 142.

5. On March 23, 2013, the Court confirmed the Plan, as supplemented through the Stipulation (the "Confirmation Order") (Docket No. 160).

6. As described in the Plan and Stipulation, the Debtor agreed to pay to BPPR its secured obligations through, among other things, satisfying the amounts due under Loan A (as that term is defined in the Stipulation) on or before December 31, 2014. See, Docket No. 142 at p. 4. As of the date of entry of the Confirmation Order, Loan A had a balance of $13,365,000. *Id.*

7. Further, as described in the Plan and the Stipulation, BPPR's agreement with the Debtor as to Loan A was also premised on the agreement reached with Debtor's affiliate, JTP Development Corp. ("JTP"), for a discounted payoff transaction of $6,900,000, as a payment for JTP's obligations to BPPR, as well as a payment from the Debtor's personal guarantors (Mr. Saleh M. Yassin Ahmed and his wife) of $600,000. See, Docket No. 142 at pp. 11-12.

8. The Debtor, in coordination with BPPR, has secured exit financing (the "Exit

Financing") to satisfy, with the consent of BPPR, a portion of the obligations due under Loan A, as described herein, (including the transaction with JTP and the personal guarantors as described on the preceding paragraph), as well as to satisfy its obligations due to Oriental Bank under the Plan, and requests that the Court enter an amended order confirming the Plan and approving the transaction described herein.

9. The Exit Financing is structured as follows:

(a) Banco Santander Puerto Rico (hereinafter, "Santander") has agreed to grant a credit facility in the principal amount of $19,500,000 (hereinafter, the "Credit Facility") to Vemass Realty, LLC (hereinafter, "Vemass"), which Credit Facility will be used by Vemass, among other things, to satisfy the following obligations of the Debtor[1]:

(i) to provide funds to the Debtor to be used to pay BPPR a net payment of $9,700,000, which payment shall be credited to the amounts due under Loan A (the "Loan A Payment");

(ii) to provide a payment to Oriental Bank, as successor in interest of Banco Bilbao Vizcaya Argentaria Puerto Rico, under the terms of the Plan to satisfy its claim in full with an outstanding balance of $1,014.137.27 (the "Oriental Bank Payment"); and

(iii) that the remaining funds, if any, shall be used to satisfy other unsecured and priority claims under the Plan.

(b) As a condition precedent to the granting of the Credit Facility, Vemass

---

[1] Further, the Credit Facility will be used to provide the funds to satisfy the payments described in the Stipulation and Plan and on the preceding paragraph with JTP and the personal guarantors (the "JTP and Guarantor Payment"). Accordingly, the total amount to be paid to BPPR on account of the Loan A Payment and the JTP and Guarantor Payment is $17,200,000.00.

shall pledge to Santander all the existing mortgage notes which secure, in favor of BPPR, among others, the obligations under Loan A (collectively, the "Mortgage Notes") and which are constituted over the following properties (collectively, the "Properties"):

(i) Property number 57,620, recorded in the Registry of the Property of Puerto Rico, First Section of Caguas, at page 79 of volume 1,692 of Caguas ("Walgreens Las Catalinas");

(ii) Property number 53,427, recorded in the Registry of the Property of Puerto Rico, Second Section of Carolina, at page 112 of volume 1,245 of Carolina ("Walgreens Escorial");

(iii) Property number 42,412, recorded in the Registry of the Property of Puerto Rico, First Section of Bayamón, at page 36 of volume 945 of Bayamón Sur ("Walgreens Santa Juanita"); and

(iv) Property number 12,238 (formerly 25,228), recorded in the Registry of the Property of Puerto Rico, First Section of Carolina, at page 37 of volume 323 of Carolina ("Walgreens Castellana").

10. As to BPPR is concerned, other than reducing the amounts due under Loan A in the Plan by the Loan A Payment, and the release of BPPR's liens over the Properties upon receipt of such payment (as well as the JTP and Guarantor Payment described above), all other terms of the Plan, rights afforded to BPPR, and the Debtor's obligations described in the Plan remain in full force and effect and unaltered, except with the following modification:

> The Debtor shall satisfy on or before June 30, 2013 the balance due under Loan A (in the amount of $3,665,000), which balance remains secured with, among other collateral, that certain real estate located at Caparra Gallery. In the event the Debtor does not satisfy such amount on or before June 30, 2013, the Debtor agrees to, at BPPR's sole discretion, either surrender immediately the Caparra Gallery real estate to BPPR through the Plan and this Motion, as approved by the Court, or include such real estate as part of the Sale Collateral (as that term is defined in the Stipulation).

11. Finally, this Motion is filed as an urgent motion, as Santander's approval of the Credit Facility is only valid through April 30, 2013. Accordingly, closing of the transaction

-4-

described herein must occur on or before that date.

    12. In light of the foregoing, BPPR and the Debtor request that the Court amend the Confirmation Order to provide as follows:

(a) Approve the Exit Financing and authorize Santander to grant the Credit Facility to Vemass;

(b) That $9,700,000 be paid in cash and indefeasibly by Vemass to BPPR as part of the Loan A Payment, as well as all closing costs and commissions (including attorney's fees) incurred by Vemass for the granting of the Credit Facility (collectively, the "Purchase Price");

(c) That $1,014.137.27 be provided by Vemass to the Debtor to satisfy the Oriental Bank Payment;

(d) That BPPR and Oriental Bank, upon receipt of their corresponding payments (as to BPPR, the Loan A Payment and the JTP and Guarantor Payment in full; and as to Oriental Bank, upon receipt of the Oriental Bank Payment), shall release any and all personal guaranties executed by Saleh M. Yassin Ahmed and his wife to secure the obligations of the Debtor and shall endorse and deliver in due course any and all of the Mortgage Notes still existing to the Debtor, and the Debtor shall endorse and deliver in due course the same to Vemass;

(e) That Vemass shall endorse and pledge in due course the Mortgage Notes to Santander as collateral for the Credit Facility;

(f) That Santander shall be considered the holder in due course of the pledged Mortgage Notes;

(g) That the Debtor is authorized to transfer to Vemass the Properties, in consideration for the payment of the Purchase Price, free and clear of all liens and claims except as to the Mortgage Notes which shall be pledged to Santander, and subject to the provisions of Section 1146(a) of the Bankruptcy Code, which provides an exemption from any law imposing a stamp or similar tax, including, but not limited to, internal revenue and legal aid stamps and filing and recording vouchers, in connection with the execution and filing in the Registry of the Property of Puerto Rico, of any instrument of transfer under a plan confirmed under Section 1129 of the Code

(h) The Debtor shall satisfy the balance due under Loan A ($3,665,000), on or before June 30, 2013. In the event the Debtor does not satisfy such amount on or before June 30, 2013, the Debtor agrees to, at BPPR's sole discretion,

    either surrender immediately the Caparra Gallery real estate, or include such real estate as part of the Sale Collateral; and

 (i) That except as otherwise provided above, all remaining payments, rights, and obligations contained in the Plan shall remain in full force and effect and unaltered.

**WHEREFORE**, BPPR and Debtor request that the Court enter an amended order confirming the Plan, approving this Motion and the terms described in paragraph 12, herein.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee and to all CM/ECF participants.

In San Juan, Puerto Rico, this 23rd day of April, 2013.

| | |
|---|---|
| **CHARLES A CUPRILL, PSC LAW OFFICE**<br>*Attorneys for Debtor*<br>356 Fortaleza Street<br>Second Floor<br>San Juan, Puerto Rico 00901<br>Tel: (787) 977-0515<br>Fax: (787) 977-0518<br><br>s/ Charles A. Cuprill_____<br>Charles A. Cuprill<br>USDC No. 114312 | **O'NEILL & BORGES**<br>*Attorneys for BPPR*<br>American International Plaza<br>250 Muñoz Rivera Avenue, Suite 800<br>San Juan, Puerto Rico 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>s/ Luis C. Marini-Biaggi_____<br>Luis C. Marini-Biaggi<br>USDC No. 222301<br><br>s/ Nayuan Zouairabani_____<br>Nayuan Zouairabani<br>USDC No. 226411 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | Case No. 12-02701 (BKT) |
| BERWIND REALTY, LLC | Chapter 11 |
| Debtor(s). | |

## LOCAL BANKRUPTCY RULE 9013-1(f) CERTIFICATION

      I, Nayuan Zouairabani, Esq., counsel for Banco Popular de Puerto Rico ("BPPR"), do hereby certify that, pursuant to Local Bankruptcy Rule 9013-1(f), I have carefully examined the matter and concluded that there is a true need for the emergency granting of the "Joint Urgent Motion for an Amended Order Confirming the Chapter 11 Plan of Reorganization", that neither I nor BPPR has created the emergency through any lack of due diligence, and that both I and BPPR have made bona fide efforts to resolve the matter without a hearing.

                                              **O'NEILL & BORGES LLC**
                                              *Attorneys for BPPR*
                                              American International Plaza
                                              250 Muñoz Rivera Avenue
                                              Suite 800
                                              San Juan, PR 00918-1813
                                              Tel: (787) 764-8181
                                              Fax: (787) 753-8944

                                              By: s/ Nayuan Zouairabani
                                              Nayuan Zouairabani
                                              USDC No. 226411
                                              Email: nayuan.zouairabani@oneillborges.com